ALBERT J. BATES
*v.*
THE BATES MACHINE COMPANY.

*Opinion filed October 23, 1907—Rehearing denied Dec. 4, 1907.*

1. ACTIONS AND DEFENSES—*action in case will lie for breach of contract accompanied by fraud.* The usual action for recovering damages for breach of a contract not under seal is assumpsit, but an action on the case will lie where, at the time of the breach of the written contract, a fraud was committed by the party violating the contract upon the other party thereto.

2. SAME—*one electing to sue in case waives right to sue in assumpsit.* One electing to sue in case for the wrong committed by the defendant in fraudulently assigning certain patents in alleged violation of defendant's written contract with the plaintiff waives his right to sue in assumpsit, and the action is not based upon the written contract but upon the fraudulent acts of the defendant.

3. LIMITATIONS—*actions on the case for fraud and deceit are barred in five years.* As there is no specific provision in the Limitation act concerning actions on the case for fraud and deceit, such actions are governed by section 15 of the act and are barred in five years, notwithstanding the fraud and deceit complained of consist of a violation of a written contract.

CARTER, J., dissenting.

APPEAL from the Appellate Court for the Second District;—heard in that court on appeal from the Circuit Court of Will county; the Hon. DORRANCE DIBELL, Judge, presiding.

C. W. BROWN, and CALHOUN, LYFORD & SHEEAN, for appellant.

JOHN H. GARNSEY, for appellee.

Mr. CHIEF JUSTICE HAND delivered the opinion of the court:

This was an action on the case, commenced by the appellee, against the appellant, to recover damages alleged to have been sustained by the appellee in consequence of the appellant having fraudulently and deceitfully assigned and transferred to the Consolidated Steel and Wire Company, instead of to the appellee, as he was bound to do by his contract in writing bearing date January 28, 1888, certain patents issued to him by the United States covering a woven wire fence and the machine for manufacturing such fence, which fence and machine were the inventions of appellant. A jury was waived and a trial before the court resulted in a judgment for appellee for $55,800, which, on appeal, was affirmed by the Appellate Court, and this appeal is prosecuted.

The case was tried upon a declaration containing five counts, to which the appellant interposed the plea of the general issue and three special pleas, the last special plea being that of the five year Statute of Limitations. A demurrer was sustained to all of said special pleas, and the appellant having preserved proper exceptions to the ruling of the court in that regard, it is here urged by the appellant as ground of reversal that the court erred in sustaining the demurrer to the plea of the five year Statute of Limitations filed by him in bar of said action.

Section 15 of chapter 83 of the Revised Statutes, entitled "Limitations," (Hurd's Stat. 1905, p. 1333,) reads as follows: "Actions on unwritten contracts, expressed or implied, or on awards of arbitration, or to recover damages for an injury done to property, real or personal, or to recover the possession of personal property or damages for the detention or conversion thereof, and all civil actions not otherwise provided for, shall be commenced within five years next after the cause of action accrued."

The usual action brought to recover damages for a breach of contract not under seal is assumpsit, but an action on the case will lie where, at the time of the breach of a written contract, a fraud is also committed upon the other party to the contract by the party violating the contract, and in this case the appellee appears to have waived its right to sue in assumpsit for the breach of the written contract and to have elected to bring an action in case against the appellant for the wrong committed by the appellant in fraudulently and deceitfully assigning and transferring said patents to the Consolidated Steel and Wire Company instead of to it, as it was averred it was his duty to do by virtue of the terms of the written contract of January 28, 1888. The action was therefore not based upon the written contract, but was based upon the fraudulent acts of the appellant in making the assignment and transfer of said patents to said Consolidated Steel and Wire Company, and the only office of the written contract was to establish a duty from the appellant to the appellee to transfer to it said patents. We think, therefore, that it cannot be said, as is contended by the appellee, that section 16 of the Limitation act, which provides that actions upon "written contracts, or other evidences of indebtedness in writing, shall be commenced within ten years next after the cause of action accrued," applies in this case, but think, as there is no specific provision in the Limitation act which applies to actions on the case for fraud and deceit, the provision found in section 15 of the Limitation act which provides that "all civil actions not otherwise provided for, shall be commenced within five years next after the cause of action accrued," is the limitation that must control in this case, and that the court erred in sustaining the demurrer of the appellee to said plea of the Statute of Limitations.

In *Knight* v. *St. Louis, Iron Mountain and Southern Railway Co.* 141 Ill. 110, it was held that the ten year limitation provided for in section 16 of the Limitation act will

not apply by reason of the fact, alone, that a cause of action is supported by evidence in writing, but that the ten year limitation applies only when a cause of action is upon a contract in writing or upon other evidences of indebtedness in writing, and it is generally held in those States where, as in Illinois, the common law forms of action remain in use, that the statute does not fix the bar by the cause of the action but by the form of the action. 19 Am. & Eng. Ency. of Law, (2d ed.) p. 268.

In *Christy* v. *Farlin,* 49 Mich. 319, the plaintiff brought an action of assumpsit for the breach of the covenant of seizin in a deed. The six year Statute of Limitations was pleaded, which was the limitation which applied to an action of assumpsit. It was, however, contended that the ten year limitation, which barred an action of covenant, (as the action was brought upon a covenant contained in a deed,) should be applied. It was, however, held that it was the form of the action which fixed the bar, and that, the plaintiff having sued in assumpsit, the six year limitation, which applied to the action of assumpsit, and not the ten year limitation, which applied to an action of covenant, must be applied.

The court having erred in sustaining a demurrer to said plea of the Statute of Limitations, the judgments of the circuit and Appellate Courts will be reversed and the cause remanded to the circuit court for further proceedings in accordance with the view herein expressed.

*Reversed and remanded.*

Mr. JUSTICE CARTER, dissenting: I do not concur in this opinion. I think the judgments of the lower courts are correct. My reasons are sufficiently set forth in the opinion of Mr. Justice FARMER, handed down in the Appellate Court. *Bates* v. *Bates Machine Co.* 120 Ill. App. 563.

FARMER and VICKERS, JJ., took no part in the consideration or decision of this case.