Renee JOHNSON, a/k/a Renee Jones, Plaintiff,

v.

William ARNOS, Joseph Obrachta, and John Bibbs, Defendants.

No. 85 C 3177.

United States District Court, N.D. Illinois, E.D.

Dec. 31, 1985.

James C. Uzzell, Chicago, Ill., for plaintiff.

James P. McCarthy, James D. Montgomery, City of Chicago Corp. Counsel, Chicago, Ill., for defendants.

## MEMORANDUM AND ORDER

MORAN, District Judge.

Plaintiff alleges a deprivation of her constitutional rights under the Fourth and Fourteenth Amendments, specifically an unreasonable seizure, an invasion of the security of her person, and a denial of equal protection of the laws. She was arrested for theft while standing in front of a store in the Chicago Loop. She claims the defendants, in making the arrest, used excessive force, allegedly by throwing her through a plate glass window of the store, causing internal and external injuries including permanent scarring. She brings her action under 42 U.S.C. § 1983. Defendants have moved to dismiss the action as time-barred. Plaintiff was arrested on July 15, 1981. She filed this action on April 2, 1985, nearly four years later. When she filed, the law of this circuit allowed a five-year limitation period for section 1983 actions in Illinois. *Beard v. Robinson*, 563 F.2d 331 (7th Cir.1977). Two weeks after she initiated this suit the Supreme Court decided *Wilson v. Garcia*, 471 U.S. ——, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985). Defendants argue that *Garcia* in effect overruled *Beard* and placed section 1983 actions in Illinois under the limitation for personal injury, Ill.Rev.Stat. ch. 110, ¶ 13–202, a two-year period.

This court disagrees on two grounds. As the following discussion will show, *Garcia's* holding, applied to Illinois, requires the use of Ill.Rev.Stat. ch. 110, ¶ 13–205, the five-year statute of limitations. And even if that were not true, any change in the appropriate statute would not be applied retroactively to bar this claim.

### I. CHOOSING A LIMITATION PERIOD

Congress did not give the Civil Rights Acts of the reconstruction era their own statutes of limitations. Rather, 42 U.S.C. § 1988, passed with them, directs federal courts generally to refer to the applicable state law whenever no federal rule of decision exists. State law will fill the gap

unless it is inconsistent with the federal interest. *Burnett v. Grattan,* 468 U.S. 42, 104 S.Ct. 2924, 82 L.Ed.2d 36 (1984). The Supreme Court has repeatedly held that state statutes of limitations are ordinarily part of that applicable state law. *Board of Regents v. Tomanio,* 446 U.S. 478, 100 S.Ct. 1790, 64 L.Ed.2d 440 (1980); *Johnson v. Railway Express Agency, Inc.,* 421 U.S. 454, 95 S.Ct. 1716, 44 L.Ed.2d 295 (1975). A federal court hearing a section 1983 action therefore borrows "the most analogous state statute of limitations" from the law of the state in which it sits. *Tomanio,* 446 U.S. at 488, 100 S.Ct. at 1797.

The question of which statute to borrow has not been a problem in Illinois for several years. Anticipating at least part of the Supreme Court's holding in *Garcia,* the Seventh Circuit in effect adopted "a simple, broad characterization of all § 1983 claims" for limitation purposes, 471 U.S. at ——, 105 S.Ct. at 1945. In *Beard,* 563 F.2d 331, the Court of Appeals held that the five-year statute of limitations for "civil actions not otherwise provided for," Ill.Rev.Stat. ch. 110, ¶ 13–205, governed all Illinois claims under the Civil Rights Acts. Other states, however, have not been so fortunate. Several circuits chose a statute of limitations by analyzing the particular facts of each section 1983 claim, determining which common law action it most resembled and then selecting a statute for that claim from the state's array. The process would then begin anew for the next claim. *See, e.g., Gashgai v. Leibowitz,* 703 F.2d 10 (1st Cir.1983); *Aitchison v. Raffiani,* 708 F.2d 96 (3d Cir.1983).

The Supreme Court, in *Garcia,* facing evidence that such an approach "inevitably breeds uncertainty and time-consuming litigation," 471 U.S. at ——, 105 S.Ct. at 1945, concluded, much as the Seventh Circuit had earlier, that section 1988 "is fairly construed as a directive to select, in each state, the one most appropriate statute of limitations for all § 1983 claims." *Id.* at 1947. *Cf. Beard,* 563 F.2d at 337. Toward that end the Court decided that "all § 1983 claims should be characterized in the same way for limitation purposes," and further that the characterization should be as a tort action "conferring a general remedy for injuries to personal rights." *Garcia,* 471 U.S. at ——, ——, 105 S.Ct. at 1945, 1948. It anticipated that its decision would be a "simple approach" to limitation problems. *Id.* at 1947.

In those states which have one statute which governs all, or at least most, tort actions for injuries to personal rights, applying the approach has been simple. The precise holding of *Garcia* was to affirm the Tenth Circuit's choice of New Mexico's three-year limitation on actions "for an injury to the person or reputation of any person" for section 1983 actions in New Mexico. 471 U.S. at ——, 105 S.Ct. at 1949. Similarly, applying *Garcia* to Pennsylvania, the Third Circuit was able to select a two-year limitation covering "assault, battery, false imprisonment, false arrest, malicious prosecution or malicious abuse of process ... [or] an action to recover damages for injuries to the person or for the death of an individual caused by the wrongful act or neglect or unlawful violence or negligence of another." *Knoll v. Springfield Township School District,* 763 F.2d 584 (3d Cir.1985).[1]

■ Many states, however, provide more than one limitation period for different types of personal injury claims. In these

---

1. *See also Bailey v. Faulkner,* 765 F.2d 102 (7th Cir.1985) (Indiana, two-year limitation for "injuries to person or character"); *Altair Corp. v. Pesquera de Busquets,* 769 F.2d 30 (1st Cir.1985) (Puerto Rico, one-year limitation for "tort actions for obligations arising from fault or negligence"); *Burkhart v. Randles,* 764 F.2d 1196, 1200 n. 5 (6th Cir.1985) (Tennessee, two-year limitation for personal injury actions); *Franceski v. Plaquemines Parish School Board,* 772 F.2d 197 (5th Cir.1985) (Louisiana, one-year "liberative prescription" for "delictual actions"); and decisions by the Tenth Circuit implementing *Garcia v. Wilson,* 731 F.2d 640 (10th Cir. 1984): *Pike v. City of Mission,* 731 F.2d 655 (10th Cir.1984) (Kansas, two-year limitation for "injury to the rights of another, not arising on contract"); *Abbitt v. Franklin,* 731 F.2d 661 (10th Cir.1984) (Oklahoma, two-year limitation for "injury to the rights of another, not arising on contract.").

states the court must closely examine the state's characterization of its own statutes of limitations to determine which of these is the one most appropriate for, or analogous to, the section 1983 general remedy for injuries to personal rights. Like any other application of state law under section 1988, a statute of limitations must still be reasonably consistent with the federal interest. "An appropriate limitations period must be responsive to [the] characteristics of litigation under the federal statute. A state law is not 'appropriate' if it fails to take into account ... policies that are analogous to the goals of the Civil Rights Acts." *Burnett,* 468 U.S. at ——, 104 S.Ct. at 2930. So, for example, the Eleventh Circuit, applying *Garcia* to Alabama, found that a superficial resemblance between the phrase, "personal injury," and the one-year limitation governing "any injury to the person or rights of another not arising from contract and not specifically enumerated in this section," Ala.Code § 6–2–39(a)(5) (1975), was not controlling. Alabama courts had defined the choices among its statutes of limitations in accordance with the old forms of action, and that statute covered only actions brought as trespass on the case. Given the legislative history of section 1983, the court found that the six-year statute, "for any trespass to person or liberty, such as false imprisonment or assault and battery," for actions in trespass, was far more appropriate to section 1983 claims. *Jones v. Preuit & Mauldin,*

763 F.2d 1250 (11th Cir.1985); Ala.Code § 6–2–34(1) (1975).

The Tenth Circuit, facing a similar problem with Colorado statutes of limitations, bypassed both a one-year statute for trespass actions, including assault, battery and false imprisonment, and a six-year statute for actions on the case. Unlike Alabama, Colorado also provided a three-year period for "all other actions of every kind for which no other period of limitation is provided by law." Colo.Rev.Stat. § 13–80–108(1)(b) (1973). Given the limits Colorado courts had placed on the other statutes, this residuary limitation was the most appropriate for an action for injury to the rights of another. *McKay v. Hammock,* 730 F.2d 1367, 1370 (10th Cir.1984).[2] *See also Gates v. Spinks,* 771 F.2d 916 (5th Cir.1985) (Mississippi, one-year limitation for intentional tort preferable to six-year residuary limitation); *Mismash v. Murray City,* 730 F.2d 1366 (10th Cir.1984), *cert. denied* 471 U.S. ——, 105 S.Ct. 2111, 85 L.Ed.2d 476 (1985) (Utah, four-year residuary limitation preferable to one-year statute for libel, slander, assault, battery, false imprisonment and seduction).

■ The case at bar therefore presents the question of whether Illinois is a state where the application of *Garcia* will be simple, as in New Mexico and Pennsylvania, or will require analysis of state law for a choice between statutes, as in Alabama and Colorado. Until recently, most courts facing the question assumed that Illinois

**2.** *McKay,* while decided before the Supreme Court issued *Garcia,* nevertheless represents an application of the same reasoning as *Garcia.* The Tenth Circuit handed down eight *en banc* opinions dealing with section 1983 limitations problems on the same day. *Garcia v. Wilson,* 731 F.2d 640 (10th Cir.1984) was its extended treatment of the characterization issue which concluded that "every section 1983 claim is in essence an action for injury to personal rights." 731 F.2d at 651. The Supreme Court not only affirmed the Tenth Circuit, but expressly adopted both its language and its reasoning. *Wilson v. Garcia,* 471 U.S. at ——, ——, 105 S.Ct. at 1941–42. The other opinions were applications of *Garcia v. Wilson* to states in the circuit. In addition to *McKay,* and to *Pike* and *Abbitt* cited in note 1 *supra,* they were: *Hamilton v. City of Overland Park,* 730 F.2d 613 (10th Cir.

1984), *cert. denied,* 471 U.S. ——, 105 S.Ct. 2111, 85 L.Ed.2d 476 (1985) (Kansas); *Cowdrey v. City of Eastborough,* 730 F.2d 1376 (10th Cir.1984) (Kansas); *Mismash v. Murray City,* 730 F.2d 1366 (10th Cir.1984), *cert. denied,* 471 U.S. ——, 105 S.Ct. 2111, 85 L.Ed.2d 476 (1985) (Utah); and *Jackson v. City of Bloomfield,* 731 F.2d 652 (10th Cir.1984) (New Mexico). It may also be worth noting that the denials of certiorari for *Hamilton* and *Mismash* came after the *Garcia* decision. In the same few days the Court decided *Garcia,* denied certiorari for *Hamilton* and *Mismash,* and vacated and remanded two Third Circuit decisions for reconsideration in light of *Garcia: Swyka v. Johnson,* 471 U.S. ——, 105 S.Ct. 2108, 85 L.Ed.2d 474 (1985); *Springfield Township School District v. Knoll,* 471 U.S. ——, 105 S.Ct. 2065, 85 L.Ed.2d 275 (1985).

was in the former category. *Garcia* had apparently overruled *Beard* and required the use of Ill.Rev.Stat. ch. 110, ¶ 13–202, a two-year statute which governs, among other things, "actions for damages for an injury to the person." *See, e.g., Smith v. City of Chicago,* 769 F.2d 408, 411 (7th Cir.1985) *(dictum); Winston v. Sanders,* 610 F.Supp. 176 (C.D.Ill.1985); *Moore v. Floro,* 614 F.Supp. 328 (N.D.Ill.1985). However, a recent opinion from Judge Shadur of this district argues persuasively that while the reasoning of *Beard* cannot survive *Garcia,* its exact holding can and should. Like Alabama, Illinois has defined the phrase, "injury to the person," in a way which makes it irreconcilable with a general remedy for injuries to personal rights. Like Colorado, in the face of this definition, the statute for "civil actions not otherwise provided for" is still the one most appropriate statute of limitations for all section 1983 claims. *Shorters v. City of Chicago,* 617 F.Supp. 661 (N.D.Ill.1985).

The conclusion follows from an analysis of both statutory language and case law. Illinois is, first of all, a state which provides different periods of limitations for different types of injuries to personal interests. *Shorters,* 617 F.Supp. at 664; *cf. Gates,* 771 F.2d at 919. While paragraph 13–202 sets a two-year limit for "an injury to the person," a separate statute, paragraph 13–201, provides for "actions for slander, libel, or for publication of matter violating the right of privacy." Illinois' limitations scheme is thus readily distinguishable from that of New Mexico, with which *Garcia* directly dealt. Also, paragraph 13–205, in addition to functioning as the residuary statute, covers actions on unwritten contracts, awards of arbitration and injuries to property. Actions brought on section 1983 could arise and have arisen from facts which, characterized as torts, fit any of these three categories. *See, e.g., Alliance to End Repression v. Rochford,* 407 F.Supp. 115 (N.D.Ill.1975) (invasion of privacy); *North American Cold Storage Co. v. Cook County,* 468 F.Supp. 424 (N.D. Ill.1979) (discriminatory tax assessment). Given this choice, a court must look to Illinois' construction of its own statutes to determine which one best fits a section 1983 action.

Secondly, Illinois characterizes claims for limitation purposes precisely on the nature of the interest affected, rather than the theory of recovery or the form of the action. *See Hundt v. Burhans,* 13 Ill.App.3d 415, 300 N.E.2d 318 (3d Dist.1973); *Handtoffski v. Chicago Consolidated Traction Co.,* 274 Ill. 282, 113 N.E. 620 (1916). For example, an airline flight attendant had spilled a pot of hot coffee on a passenger. He attempted to characterize his action as a suit for breach of his contract for safe transportation, in an effort to evade the two-year statute of limitations. But since his claim arose from an invasion of his interest in freedom from physical harm, the court held that his claim was governed by the personal injury limitation. *Schreiber v. Eastern Airlines, Inc.,* 38 Ill.App.3d 556, 348 N.E.2d 218 (1st Dist.1976). On the other hand, when a husband sued the driver who caused a collision from which his wife had sustained injury, to recover her medical expenses, the suit came under the five-year residuary statute. He had not been injured; rather, he was suing for "damages occasioned to him by reason of his marital relationship to the injured party." *Roth v. Lundin,* 237 Ill.App. 456, 458 (1st Dist.1925). This approach to characterization applies even when the cause of action is statutory in origin. In *Neikirk v. Central Illinois Light Co.,* 128 Ill.App.3d 1069, 471 N.E.2d 1027, 84 Ill.Dec. 261 (3d Dist.1984), a snowmobile rider injured in a collision with an unlighted utility pole sued under the Public Utility Act. His personal injury claims were barred by the two-year limitation, but his property damage claim survived under the five-year statute.

■ The result of such an approach is that under Illinois law, "injury to the person" in paragraph 13–202 and its predecessors means only physical injury and its direct consequences. *Shorters,* 617 F.Supp. at 665. The statutory language itself leads to such an interpretation. Since libel, slander and invasion to privacy

have a separate statute, and other actions such as false imprisonment and malicious prosecution are separately listed in the same statute, these rights must not be encompassed by "injury to the person." Therefore, as long ago as *Bassett v. Bassett,* 20 Ill.App. 543, 548 (1887), the court concluded that if the phrase "were intended to include all injuries to personal and relative rights, the legislature would not have considered it necessary in the same act to provide specially for a period of time in which an action should be brought for many of the injuries to such rights ... [It was] the clear intent of the legislature to limit 'injuries to the person' to those of a physical nature." *See also Denslow v. Hutchinson,* 152 Ill.App. 502 (1910) (injury to the person means damages "of a physical character").

Any tort action which is not grounded on physical injury to the plaintiff, then, is not "an injury to the person" for limitation purposes. Illinois statutes of limitations must be strictly construed. If an action is not specifically covered by a provision in the limitation act, it is governed by the five-year residuary limitation. *Bates v. Bates Machinery Co.,* 230 Ill. 619, 82 N.E. 911 (1907). In *Doerr v. Villate,* 74 Ill. App.2d 332, 220 N.E.2d 767 (2d Dist.1966), a wife sued her husband's physician because the operation he performed had failed to sterilize her husband and they had a retarded child. She sued to recover for the burden of medical expenses and special care for it. The court held that though the action was for malpractice, it did not involve a direct physical or mental injury to the plaintiff, and so came under the five-year residuary limitation, not the two-year personal injury limitation.

Since Illinois restricts "injury to the person" to purely physical injury, this court must question whether it is truly appropriate to section 1983 actions. *Burnett* and *Tomanio* are presumably still good law after *Garcia,* and they still direct us to find the limitation period which would govern an analogous action in state law. 468 U.S. at ——, 104 S.Ct. at 2929; 446 U.S. at 483–84, 100 S.Ct. at 1794–95. *See Steinle*

*v. Warren,* 765 F.2d 95, 101 (7th Cir.1985) ("the period of limitations applicable to § 1983 actions is the limitation period for state law claims most analogous to the federal claim"). If a state limitations statute operates at too great a distance from the goals of the civil rights statutes, it cannot be applied to them. *Burnett,* 468 U.S. at ——, 104 S.Ct. at 2931. The interest which gives rise to a section 1983 action is not fundamentally an interest in freedom from physical injury. Even when a physical injury is part of the facts of the case, as in the case at bar, the action rests on an infringement of a constitutional or statutory right. The *Garcia* court, indeed, at one point characterized section 1983 as analogous to "the tort action for the recovery of damages for personal injuries." 471 U.S. at ——, 105 S.Ct. at 1947. But in the same few paragraphs in which it made that statement, it also described section 1983 as protecting against "an injury to the individual rights of the person," and variously called the statute "the federal civil rights remedy," "a remedy for the violation of constitutional rights," and "a general remedy for injuries to personal rights." 105 S.Ct. at 1947–48. *Cf. Shorters,* 617 F.Supp. at 663. At the heart of the action is injury to an intangible, the citizen's federal right.

Tort claims for injuries to intangible rights in Illinois, if not specifically mentioned in the statute, are "actions not otherwise provided for" for limitation purposes. Defamation and invasion of privacy have their own one-year statute; false imprisonment and malicious prosecution have a two-year limitation. Otherwise, Illinois courts have placed personal tort actions based on intangible rights under the residuary statute: fraud and deceit, *Bates,* 230 Ill. at 621, 82 N.E. at 912; tortious misrepresentation, *Rozny v. Marnul,* 43 Ill.2d 54, 250 N.E.2d 656 (1969); retaliatory discharge, *Henon v. Lever Brothers Co.,* 114 Ill.App.3d 608, 449 N.E.2d 196, 70 Ill.Dec. 322 (1st Dist.1983); attorney malpractice, *Dolce v. Gamberdino,* 60 Ill.App.3d 124, 376 N.E.2d 273, 17 Ill.Dec. 274 (1st Dist.

1978); and apparently conspiracy, *Cartolano v. Tyrrell*, 421 F.Supp. 526, 533 (N.D.Ill. 1976); *Cage v. Bitoy*, 406 F.Supp. 1220 (N.D.Ill.1976), *aff'd* 559 F.2d 1225 (7th Cir. 1977). *See generally Hockett v. American Airlines, Inc.*, 357 F.Supp. 1343 (N.D.Ill. 1973).

Section 1983 provides a statutory remedy for violations of constitutional and statutory rights. In Illinois, tort actions on statutory rights which cannot be characterized as direct physical injury are "actions not provided for." In *Seymour v. Union News Co.*, 217 F.2d 168 (7th Cir.1954), a husband's suit against the restaurant which had served him a tainted pork dinner was time-barred as a claim for a personal injury. His wife, however, had five years to bring an action for his medical expenses and hospital bills, grounded on her rights under the Family Expense Statute. The same approach is used when the remedy is statutory. In *Desiron v. Peloza*, 308 Ill. App. 582, 32 N.E.2d 316 (1st Dist.1941), a mother and daughter sued under the Dram Shop Act. An allegedly intoxicated person had spilled a glass of beer on a tavern floor. The mother slipped and fell at that spot, fracturing her foot. The Dram Shop Act provides persons injured by the intoxicated a remedy against the tavern owners who have served them beverages. The mother's claim was time-barred as a personal injury. The daughter's claim, on an injury to her right of support from her mother, however, came under the residuary statute and was timely. 308 Ill.App. at 590, 592; 32 N.E.2d at 321.

The Supreme Court directs us to find one limitation for all section 1983 actions. The Seventh Circuit, in *Beard*, had previously chosen the residuary five-year statute for Illinois. That choice remains appropriate. *Shorters*, 617 F.Supp. at 666. *Beard* indeed rested on a perception of fundamental

differences between a section 1983 action and a common law tort, 563 F.2d at 336, while *Garcia* now directs that we treat it precisely as a tort. But even analyzed as a tort, the section 1983 action is properly governed by the five-year limitation in Illinois. The personal injury limitation is restricted to only physical injuries. The Tenth Circuit, whose reasoning the Supreme Court expressly adopted in *Garcia*, 105 S.Ct. at 1941–1942, chose residuary statutes in Colorado and Utah when it found the alternatives too confining. *McKay*, 730 F.2d at 1370; *Mismash*, 730 F.2d at 1367. Section 1983 is a remedy for actions on personal rights. Illinois would, we believe, place it under the residuary statute.[3] Nothing in *Garcia* rejects the use of a residuary statute when it is most appropriate and, indeed, the Supreme Court itself affirmed the selection of a residuary statute for section 1983 actions in Maryland just last year. *Burnett*, 468 U.S. at ——, 104 S.Ct. at 2927. This court concludes that the one most appropriate statute of limitations for section 1983 actions in Illinois is the five-year residuary statute. Johnson's complaint was therefore timely filed.

## II. RETROACTIVE APPLICATION

Even if the foregoing analysis of the meaning of *Garcia* for Illinois should prove wrong, and section 1983 actions here are to be placed under a two-year statute of limitations, there is an alternative ground for denial of the motion to dismiss. If such a radical shortening of the limitation period were to take effect, it would not be applied retroactively to actions which accrued before the *Garcia* decision.

In *Chevron Oil v. Huson*, 404 U.S. 97, 92 S.Ct. 349, 30 L.Ed.2d 296 (1971), the Supreme Court declined to give retroactive effect to its decision in *Rodrigue v. Aetna*

---

**3.** If Illinois had a general tort remedy for injuries to personal rights, its courts would of course choose a limitation for each case, depending on whether the facts showed a direct physical injury, an invasion of an interest specifically mentioned in the statute, or injury to an intangible right not mentioned. *Garcia* re-

quires using one limitation period for all cases. What Illinois courts would do under the same restriction no one can predict with complete confidence, but given the Illinois courts' consistent treatment of tort actions based on intangible rights, it at least seems likely that they would choose the residuary limitation.

*Casualty & Surety Co.,* 395 U.S. 352, 89 S.Ct. 1835, 23 L.Ed.2d 360 (1969). That decision, holding that state law rather than admiralty law applied to oil drilling rigs on the continental shelf, appeared to shorten the limitation period for an oil worker's personal injury claim. In holding that his suit was not time-barred, the Court articulated the factors for analysis which indicate when a decision should apply only prospectively. The decision must "establish a new principle of law, either by overruling clear past precedent on which litigants may have relied ... or by deciding an issue of first impression whose resolution was not clearly foreshadowed." *Chevron Oil,* 404 U.S. at 106, 92 S.Ct. at 355. If it does, then one must weigh how necessary retroactive application would be to implement the purpose and effect of the new decision against the likelihood of "substantial inequitable results" if the decision is applied retroactively. *Id.* at 107, 92 S.Ct. at 355; *cf. Snyder v. Smith,* 736 F.2d 409, 414 (7th Cir.1984).

Under the *Chevron Oil* analysis, *Garcia* would not be applied retroactively in Illinois if it would shorten the limitation period for section 1983 actions. A decision requiring the two-year period would definitely establish a new principle of law by overruling clear past precedent. *Beard* clearly stated a five-year limitation, 563 F.2d at 338, and that decision has been controlling in Illinois for nearly eight years. Litigants and attorneys across the state relied on it. *Cf. Winston,* 610 F.Supp. at 176. Retroactive application would not be necessary to further the purpose and effect of the new decision. The Supreme Court's goal in *Garcia* was to achieve greater uniformity and certainty for section 1983 actions within each state. 471 U.S. at ——, 105 S.Ct. at 1947. Illinois has had uniformity and certainty since 1977. *See Moore,* 614 F.Supp. at 333; *De-Furgalski v. Siegel,* 618 F.Supp. 295, 299 (N.D.Ill.1985). Finally, deciding only in 1985 that an action which accrued in 1981 became time-barred in 1983 would seem an inequitable result. As the Supreme Court noted in *Chevron Oil,* the harsh consequence of retroactive application of a decision which reduces a limitation period is to deprive a litigant of his day in court. When the decision overrules clear past precedent, that result is simply inequitable. 404 U.S. at 108, 92 S.Ct. at 356. *See also Del Costello v. International Brotherhood of Teamsters,* 462 U.S. 151, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983); *Rivera v. Green,* 775 F.2d 1381 (9th Cir.1985) (*Garcia* applied retroactively in Arizona to increase limitation period).

The decisions in the Third and Eighth Circuits which have applied *Garcia* retroactively to bar suits are not to the contrary. In each case, the situations are distinguishable from that of Illinois, so the analysis using the *Chevron Oil* factors yields a different result. The Third Circuit had characterized each section 1983 action individually for limitation purposes depending on the type of injury and the relief sought. *Garcia* therefore did not create a new principle of law there since the law was not settled, and applying it retroactively served the goals of uniformity and certainty. *Fitzgerald v. Larson,* 769 F.2d 160 (3d Cir.1985); *Smith v. City of Pittsburgh,* 764 F.2d 188 (3d Cir.1985). And, although the Eighth Circuit had clearly chosen a five-year period for Iowa in *Garmon v. Foust,* 668 F.2d 400 (8th Cir.1982), the plaintiff in *Wycoff v. Menke,* 773 F.2d 983 (8th Cir. 1985), demonstrably could not have relied on that precedent. His action had accrued and his claim had been filed before *Garmon* was decided, and prior to *Garmon* the law in the circuit had not been clear. *Wycoff,* 773 F.2d at 984, 986.

The situation in Illinois corresponds rather to that in the Tenth Circuit, from which *Garcia* arose. Its decision in *Garcia v. Wilson,* 731 F.2d 640 (10th Cir.1984), made a clear break with its own past precedent in New Mexico and Oklahoma. It also would shorten the limitation period in both states. Applying the *Chevron Oil* analysis, the court concluded that retroactive application would be unfair to the litigants in those states who had relied on that precedent, and applied its new rule prospectively only.

*Jackson v. City of Bloomfield,* 731 F.2d 652 (10th Cir.1984).

The plaintiff's claim here is therefore not time-barred. In the context of Illinois limitations law, *Garcia* does not change the five-year period in use in Illinois for section 1983 actions since 1977. But even if it did, *Chevron Oil* would require that we not apply a shorter limitation retroactively to a cause of action which accrued in 1981.

## CONCLUSION

For the foregoing reasons, defendants' motion to dismiss is denied.