**Jane DOE, et al., Plaintiffs,**

v.

**CALUMET CITY, ILLINOIS, et al., Defendants.**

No. 87 C 3594.

United States District Court, N.D. Illinois, E.D.

Feb. 6, 1989.

Kenneth N. Flaxman, Elizabeth Dale, Chicago, Ill., for plaintiffs.

Gregory E. Rogus, Leroy A. Garr & Assoc., Ltd., Chicago, Ill., for defendants.

### MEMORANDUM OPINION AND ORDER

SHADUR, District Judge.

This 42 U.S.C. § 1983 ("Section 1983") class action asserts the unconstitutional strip searching of women arrested on misdemeanor or ordinance violations charges in Calumet City, Illinois. For the reasons stated in this memorandum opinion and order, this Court confirms that the plaintiff class comprises all women so arrested after April 16, 1982 (that is, at any time less than five years before this action was brought).

*Wilson v. Garcia,* 471 U.S. 261, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985) stilled the sharply divergent voices that had previously spoken to the issue of limitations under Section 1983, by issuing the kind of definitive pronouncement only the United States Supreme Court can make:

1. State rather than federal statutes of limitations would apply to all Section 1983 actions, but in each state there would be a unitary standard.

2. That single standard for each state would be the one drawn from its limitations period covering claims that were described in the *Wilson* opinion by using a number of variants of the same concept —"a general remedy for injuries to per-

sonal rights," "claims for personal injuries," "general personal injury actions, sounding in tort" and "personal injury actions."[1]

This Court, confronted like others with the task of applying *Wilson* to Illinois-based Section 1983 claims, had initially made what seemed a natural assumption that the *Wilson*-mandated approach would bring the Illinois "damages for an injury to the person" statute (Ill.Rev.Stat. ch. 110, ¶ 13–202 ["Section 13–202"]) into play.[2] But within a few months after *Wilson*, this Court was met with a submission by a perceptive lawyer who had been willing to challenge that assumption as perhaps natural in surface terms but nonetheless wrong, and who backed the challenge up with unchallengeable authority.[3]

That presentation led to this Court's opinion in *Shorters v. City of Chicago*, 617 F.Supp. 661 (N.D.Ill.1985). There this Court reached the conclusion, for what it then believed—and still believes—unassailable reasons, that the *Wilson* approach commands application of the Illinois *five*-year general residual statute of limitations (Ill.Rev.Stat. ch. 110, ¶ 13–205 ["Section 13–205"]) and not Section 13–202's two-year limitations period. This opinion will not repeat the already-published *Shorters* analysis, except to restate the surprising but incontrovertible discovery that—under an unbroken line of Illinois case law—Section 13–202 is not at all a general statute covering a spectrum of tort claims comparable to the wide swath embraced by Section 1983 actions, but is rather far more limited in its scope.

Not long after *Shorters* the *Wilson* question came, as it was bound to, before our Court of Appeals in *Anton v. Lehpamer*, 787 F.2d 1141 (7th Cir.1986). But in *Anton* the Court of Appeals concentrated exclusively on (1) the question of *Wilson's* retroactivity and (2) the related question of

a window to cover the situation of litigants who had in the past been entitled to rely on the Court of Appeals' decision in *Beard v. Robinson*, 563 F.2d 331 (7th Cir.1977) (*Beard* had applied the same five-year statute this Court later found applicable in *Shorters*, though on a different analytical theory).

*Anton* made the same facile (and natural) assumption this Court had made pre-*Shorters*: It proceeded on the unexamined premise that the two-year "injury to the person" statute applied, and it took the analysis from there. Indeed, all *Anton* voiced as to the applicable statute was a conclusory statement of that premise, 787 F.2d at 1142 (footnote quoting Section 13–202 omitted):

> More than four years after Mr. Anton filed suit, the Supreme Court held that, in all states, the most analogous statute of limitations for all section 1983 actions is the state's personal injury statute of limitations. *Wilson v. Garcia*, 471 U.S. 261, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985). In Illinois, the statute of limitations for personal injury actions is two years. *See* Ill.Rev.Stat. ch. 110, ¶ 13–202 (1983).

Since *Anton* the substantive question has remained unexamined by our Court of Appeals—so far as this Court can tell from its weekly reading of that court's slip opinions, the argument as to the nongenerality of Section 13–202 that this Court found both impeccable and persuasive in *Shorters* has never come before the Court of Appeals.

Faced with that situation and compelled in this case to decide the Section 1983 statute of limitations question in the context of certifying the plaintiff class, this Court resolved the matter by a conditional certification. Practical problems posed by the discovery process meant that the class period could be contracted—if necessary—but

---

1. That general rubric was found the one best fitted to the wide sweep of claims that have been found embraced within Section 1983.

2. Depending on whether one's orientation is literary or political, that assumption could reflect either the Gertrude Stein syndrome ("A rose is a rose is a rose") or President Bush's tax (or

non-tax) policy ("If it walks like a duck, quacks like a duck ...").

3. By sheer coincidence that same lawyer, Kenneth Flaxman, Esq., is counsel for the plaintiff class here.

could not conveniently be expanded in the future. This Court therefore settled on the five-year statute that it continues to believe called for by the *Wilson–Shorters* analysis, while at the same time cautioning the class members that a shorter period might prove applicable. As stated in the December 15, 1987 notice to class members that this Court approved (emphasis in original):

> This letter is being sent to you because court records show that you were arrested on a misdemeanor or ordinance violation charge in Calumet City, Illinois after April 16, 1982.
>
> A lawsuit pending in federal court in Chicago may affect you. The name of the case is *Jane Doe et al. v. Calumet City, et al.*, No. 87 C 3594. One claim in the case is that women have been subjected to illegal searches involving the removal of clothing after being arrested in Calumet City, Illinois.
>
> On October 1, 1987, United States District Judge Milton Shadur ordered that the case could proceed as a class action for all women who had been arrested on a misdemeanor or ordinance violation charge in Calumet City, Illinois after April 16, 1982. *Further proceedings in the case may limit the class to women who were arrested after September 4, 1985.*

Now the Supreme Court has again spoken definitively—and this time unanimously—to the Section 1983 limitations question, in order to resolve the disparate readings that had been given *Wilson* by the courts around the country. Though *Owens v. Okure*, — U.S. ——, 109 S.Ct. 573, 102 L.Ed.2d 594 (1989) should of course be read in full, Justice Marshall stated the Court's conclusion early and simply (*id.* at ——, 109 S.Ct. at 575–76):

> We hold that the residual or general personal injury statute of limitations applies.

And *Owens'* extended analysis (*id.* at ——– ——, 109 S.Ct. at 575–82) makes it crystal clear that in a state such as Illinois, whose statute that speaks in part of "injury to the person" has *not* been applied by the Illinois courts as a "general personal injury stat-

ute" but rather as one that omits major areas of the much broader coverage provided by Section 1983, the relevant statute is its *residual* one—in this instance Section 13–205.

To this Court, *Owens* has clearly vindicated the research presented to this Court early on by Mr. Flaxman and found wholly persuasive for the reasons discussed in *Shorters*, 617 F.Supp. at 662–66. No disrespect to *Anton* or (of course) to our Court of Appeals is intended—that court, like this one, simply dealt with the grist that had been proffered for its mill by the litigants. But the assumption there tendered to the Court of Appeals as to the nature of the Illinois Section 13–202 two-year statute, and accepted by the Court of Appeals without further examination (naturally enough, given the statute's wording), was simply wrong. This Court therefore reconfirms the longer five-year period of class certification, based on the application of Section 13–205, that has previously been made in this case on a conditional basis.