Thomas T. KNESS, Plaintiff,

v.

Charlene E. GRIMM, Schmitt Investiga-
tions and Security Services, Inc., James
W. Conway, Barry H. Lloyd, Dorothy
Bougneit–Feil, City of Kenosha, Wis-
consin, Greg Heinreich, and Employers
Insurance of Wausau, Defendants.

No. 90 C 3979.

United States District Court,
N.D. Illinois, E.D.

March 13, 1990.

Thomas T. Kness, pro se.

James W. Conway, Office of City Atty.,
Kenosha, Wis., John Pacocha, Laughlin,
Cunningham, Hare & Fanone and J. Robert
Geiman, William A. Chitenden and Donald
Alan Murday, Peterson & Ross, Chicago,
Ill., for defendants.

## MEMORANDUM AND ORDER

MORAN, Chief Judge.

Alleging that several employees of the City of Kenosha, Wisconsin ("City") conspired with Charlene Grimm ("Grimm"), a private process server, to harass him at his place of employment, thereby causing him to lose his job, plaintiff Thomas Kness ("Kness") brings this action pursuant to 42 U.S.C. §§ 1983 and 1985 charging that the purpose of the conspiracy was to retaliate against Kness for previously filing civil rights suits against the City and its employees. Grimm and Schmitt Investigations & Security Services, Inc. ("Schmitt") have filed this pre-answer motion to dismiss the complaint on grounds that the action is barred by the applicable statute of limitations. Defendants Greg Heinreich ("Heinreich") and Employers Insurance of Wausau ("E.I.O.W.") joined in that motion and also filed motions to change venue and to dismiss for failure to state any cause of action against them. The remaining defendants, James Conway, Barry Lloyd, Dorothy Bougneit–Feil, and the City, pleaded the statute of limitations as an affirmative defense in their answer to the complaint, and on March 5, 1991, on oral motion, they joined in the present motion to dismiss.[1] For the reasons stated below, the motions are granted, and Kness's claim is dismissed as to all defendants.

1. Even if the other defendants had not joined in this motion, the Seventh Circuit has approved the practice of rendering judgment as to non-moving defendants when they are similarly situated to the moving defendants or "where the claims against all the defendants are integrally related." *Rosser v. Chrysler Corp.,* 864 F.2d 1299, 1304 (1988). Because all of the defendants are alleged to have participated in the same conspiracy to deprive Kness of his job, they are in a position similar to that of Grimm and Schmitt.

2. According to the complaint, Kness received several parking tickets, which he contested. When he attempted to challenge the validity of the tickets, he was threatened by a Kenosha police officer. Kness eventually succeeded in having the tickets dismissed.

Several months later, Kness received notice from the City that his vehicles would be towed from his property if they were not relocated.

## BACKGROUND

■ Although the facts are in dispute, when considering a motion to dismiss, we must accept the plaintiff's allegations as true. *Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 2232–33, 81 L.Ed.2d 59 (1984). Furthermore, *pro se* complaints are to be liberally construed, and *pro se* civil rights complaints may be dismissed only "if it is beyond doubt that there is no set of facts under which the plaintiff could obtain relief." *Wilson v. Civil Town of Clayton, Ind.,* 839 F.2d 375, 378 (7th Cir.1988). The following narration of facts, therefore, reflects Kness's version of events.

As a resident of Kenosha, Kness had a series of disputes with the City beginning in 1983.[2] On August 3, 1987, Grimm, an employee of defendant Schmitt, served a summons and complaint, brought by the City, on Kness at Great Lakes Naval Base in Illinois, where Kness was employed. The complaint alleged that Kness had violated a city ordinance by maintaining his lawn at an excessive height.[3] Kness claims that Grimm told Kness's supervisors about the continuing legal battles between Kness and the City. Kness's supervisors then told him to end his disputes with the City, pay his fines, and comply with the City ordinances or else he would lose his job. Refusing to give in, Kness continued to pursue his claims against the City and chal-

After five of his vehicles were towed away, Kness filed a lawsuit in 1985 against the City for violating his constitutional rights. Kness alleges that, in retaliation for the lawsuit, the City continued to harass him by taking his lawnmower and grill and putting a special tax assessment on his property.

Because of these incidents, Kness filed a second suit against the City in 1986. Kness met with the attorney for the City, defendant James Conway, in March 1987 to discuss settling Kness's lawsuits against the City. This conference occurred at E.I.O.W. offices. Heinreich was apparently present at this conference, but it cannot be determined from the complaint what his relationship with Kness was or the role he played at this meeting. The discussion was not constructive and was terminated by Kness because of threats from Conway.

3. The City dismissed the grass-cutting complaint against Kness in September 1988.

lenge the grass-cutting citation. On March 10, 1988, Kness resigned from his job after months of harassment from his employer.

Kness filed the present action on July 13, 1990, and all of the defendants now assert that the claim is barred by the applicable statute of limitations.[4] They contend simply that the applicable statute of limitations for 42 U.S.C. §§ 1983 and 1985 actions brought in Illinois is two years. Because Kness claims to have been harassed on August 3, 1987, and lost his job on March 10, 1988, the defendants argue, a complaint not filed until July 10, 1990, is time-barred.

Kness contests both the validity of the motions and the proffered limitations period. First, Kness challenges the sufficiency of his own service of process on Heinreich and E.I.O.W. Kness also contends that because Grimm and Schmitt did not file an answer within the twenty-day period following service, their motion to dismiss is not timely. Additionally, he asserts that the statute of limitations is an affirmative defense to be raised in an answer, not in a pre-answer motion. Finally, Kness argues for the application of a five-year statute of limitations for 42 U.S.C. §§ 1983 and 1985 claims brought in Illinois.

## DISCUSSION

A. *Sufficiency of Process*

■ A plaintiff is authorized to serve a summons and complaint upon a defendant by mail. Fed.R.Civ.P. 4(c)(2)(C)(ii). Along with the summons and complaint, the plaintiff is to include an acknowledgment and return envelope so that the party being served may notify the plaintiff that he has received the mailing. *Id.* If the party served fails to return the acknowledgment to the plaintiff within twenty days, the plaintiff is directed to obtain personal service on that party and recover costs. Fed. R.Civ.P. 4(c)(2)(C)(ii), 4(c)(2)(D).

Heinreich and E.I.O.W. were served by mail but did not return the acknowledgment form to Kness, but Kness did not at that time attempt to obtain personal service. Subsequently, Heinreich and E.I. O.W. filed a series of pre-answer motions, none of which challenge the sufficiency of service of process, and now Kness, the party responsible for obtaining service, is in the unusual position of arguing that service is insufficient, the court lacks personal jurisdiction over the defendants, and consequently that these motions are not properly before the court. For support, Kness relies on *Worrell v. B.F. Goodrich Co.,* 845 F.2d 840 (9th Cir.1988), *cert. denied,* 491 U.S. 907, 109 S.Ct. 3191, 105 L.Ed.2d 699 (1989). Kness's argument is untenable.

While it is true that service of process on Heinreich and E.I.O.W. was never technically completed, that deficiency does not automatically mean that they are not proper parties. Rule 12(h)(1) of the Federal Rules of Civil Procedure makes clear that insufficiency of service of process is a waivable defense. A party who makes a rule 12(b) motion without including this defense cannot later raise that issue. Fed. R.Civ.P. 12(g). When Heinreich and E.I. O.W. filed their September 7, 1990, motions without consolidating a sufficiency of service of process challenge, service of process ceased to be an issue in this case, and certainly cannot now be raised by Kness. Insufficiency of service of process is a weapon of the defendant, and Kness has cited no authority suggesting that it is available to a plaintiff. Indeed, were we to accept Kness's argument, we would not simply ignore Heinreich's and E.I.O.W.'s motions; rather, we would dismiss Kness's complaint as to these two defendants. *See* Fed.R.Civ.P. 4(j).

■ Kness's reliance on *Worrell* is misplaced. The issue in that case was whether the twenty-day period for responding to a complaint commences upon receipt of the summons and complaint in the mail or upon return of the acknowledgment. Although the court observed that "service is not deemed complete until the signed acknowledgment is timely returned," 845 F.2d at

---

**4.** Defendants Heinreich and E.I.O.W.'s additional motions to dismiss and to change venue need not be addressed because the statute of limitations argument is dispositive.

842, nothing in that case implies that the plaintiff responsible for obtaining service can challenge the sufficiency of service when the party served has waived this defense. The insufficiency, we note, was not due to the defendants' carelessness but instead to Kness's failure to pursue personal service when the acknowledgment had not been returned within twenty days. Kness's recourse for Heinreich's and E.I.O. W.'s uncooperativeness was compensation for the cost of procuring the personal service if they chose to ignore the suit, rather than nonamenability to defensive motions. *See* Fed.R.Civ.P. 4(c)(2)(D); *Coldwell Banker & Co. v. Eyde,* 661 F.Supp. 657, 658 n. 4 (N.D.Ill.1986).

## B. *Timeliness of Motion*

■ Kness's argument that Grimm's[5] motion to dismiss is not timely also must fail. Grimm was served on July 20, 1990. On August 14, 1990, upon an uncontested motion for enlargement of time, Grimm was permitted until September 21, 1990, to answer or otherwise plead. Such an extension may be granted even after the original twenty-day period for answering has expired. Fed.R.Civ.P. 6(b)(2). On September 7, 1990, well within the extended period for pleading, Grimm filed the present motion to dismiss. Once Grimm's motion was timely filed, the twenty-day period for filing an answer was altered by Rule 12(a) of the Federal Rules of Civil Procedure,[6] and

Grimm is justified in withholding an answer to the complaint pending adjudication of the present motion.

■ The statute of limitations defense is listed among the affirmative defenses to be raised in a responsive pleading. Fed.R. Civ.P. 8(c). It is not specifically included in the seven enumerated defenses contemplated by the pre-answer motion mechanism of Federal Rule of Civil Procedure 12(b). However, it has long been accepted that a 12(b)(6) motion to dismiss is appropriate for raising the defense of statute of limitations when the facts comprising the defense appear on the face of the complaint. *See Butcher v. United Elec. Coal Co.,* 174 F.2d 1003, 1006 (7th Cir.1949) (citing 2 J. Moore, *Moore's Federal Practice* para. 8.28 (2d ed. 1948)). Kness's complaint alleges acts of August 3, 1987, in furtherance of a conspiracy which eventually caused the March 10, 1988, loss of his job. Therefore, Grimm's motion to dismiss is a proper vehicle for raising the limitations defense.

## C. *Statute of Limitations*

The final issue for consideration, then, is whether the applicable statute of limitations for 42 U.S.C. §§ 1983 and 1985 claims brought in Illinois bars this action. This issue exists because Congress has not provided a statute of limitations for either action. However, 42 U.S.C. § 1988 (1988)[7] calls for the adoption of the local limita-

---

**5.** For simplicity, we refer only to Grimm even though all of the remaining defendants have joined in this motion.

**6.** That rule provides:

A defendant shall serve an answer within 20 days after the service of the summons and complaint upon that defendant.... The service of a motion permitted under this rule alters these periods of time as follows, unless a different time is fixed by order of the court: (1) if the court denies the motion or postpones its disposition until the trial on the merits, the responsive pleading shall be served within 10 days after notice of the court's action; (2) if the court grants a motion for a more definite statement the responsive pleading shall be served within 10 days after the service of the more definite statement.

**7.** Section 1988 provides:

The jurisdiction in civil and criminal matters conferred on the district courts by the provisions of titles 13, 24, and 70 of the Revised Statutes, for the protection of all persons in the United States in their civil rights, and for their vindication, shall be exercised and enforced in conformity with the laws of the United States, so far as such laws are suitable to carry the same into effect; but in all cases where they are not adapted to the object, or are deficient in the provisions necessary to furnish suitable remedies and punish offenses against law, the common law, as modified and changed by the constitution and statutes of the State wherein the court having jurisdiction of such civil or criminal cause is held, so far as the same is not inconsistent with the Constitution and laws of the United States, shall be extended to and govern the said courts in the trial and disposition of the cause....

tions period when to do so is not inconsistent with federal law. *See Wilson v. Garcia,* 471 U.S. 261, 266–67, 105 S.Ct. 1938, 1941–42, 85 L.Ed.2d 254 (1985). In using this borrowing approach, the court is to look for the "most analogous" or "most appropriate" state statute of limitations. *Id.* at 268, 105 S.Ct. at 1942–43 (quoting *Board of Regents v. Tomanio,* 446 U.S. 478, 488, 100 S.Ct. 1790, 1797, 64 L.Ed.2d 440 (1980); *Johnson v. Railway Express Agency, Inc.,* 421 U.S. 454, 462, 95 S.Ct. 1716, 1721, 44 L.Ed.2d 295 (1975)).

■ Consistent with section 1988 and long-standing precedent, the Seventh Circuit adopted the five-year statute of limitations for "all civil actions not otherwise provided for," set forth in Ill.Rev.Stat. ch. 110, para. 13–205 (1989), as the most appropriate state statute of limitations for all civil rights actions brought in Illinois. *Beard v. Robinson,* 563 F.2d 331, 338 (1977), *cert. denied,* 438 U.S. 907, 98 S.Ct. 3125, 57 L.Ed.2d 1149 (1978). In selecting section 13–205's five-year limitations period, the court rejected the practice of examining the underlying facts of each civil rights claim and then searching for the analogous tort. *Id.* at 336. A uniform limitations period for all civil rights actions was appropriate because of the "fundamental difference between a civil rights action and a common law tort." *Id.* Because the primary rationale behind the court's decision was the desire to "avoid the often strained process of characterizing civil rights claims as common law torts," 563 F.2d at 337, section 13–205 was chosen because it addresses causes of action "not otherwise provided for." By contrast, section 13–201, which sets forth a one-year limitations period for "actions for slander, libel or for publication of matter violating the right of privacy," Ill.Rev.Stat. ch. 110, para. 13–201 (1989), and section 13–202, which provides that "actions for damages for an injury to the person, or for false imprisonment, or malicious prosecution, ... shall be commenced within 2 years...." Ill.Rev.Stat. ch. 110, para. 13–202 (1990), both address specific common law torts.

*Beard's* adoption of a uniform statute of limitations for all civil rights actions brought in a state was a prelude to the Supreme Court's decision in *Wilson v. Garcia.* In *Wilson,* which addressed the statute-of-limitations issues only with respect to section 1983, the Court responded to the problem of whether a court borrowing a state statute of limitations should look to the particular facts of each section 1983 claim when choosing the analogous state statute of limitations. Stressing the need for "uniformity, certainty, and the minimization of unnecessary litigation," the Court held that in each state there shall be a single statute of limitations for all section 1983 claims, without regard to the particular facts of each case, and it shall be the same as the state's personal injury statute of limitations. *Wilson,* 471 U.S. at 275–76, 105 S.Ct. at 1946–47. While *Wilson* solved one problem it created another. The second series of disputes revolved around which of the statutes of limitations in Illinois is the appropriate personal injury statute.

Although the impulse behind the *Beard* decision—that a uniform statute of limitations is desirable in section 1983 cases—is consistent with *Wilson, Beard's* adoption of section 13–205 was not informed by *Wilson's* directive that the proper state statute of limitations is the one that applies to personal injury cases. Consequently, that portion of the *Beard* precedent had to be reexamined following *Wilson.* At first glance, section 13–202 seems to be the clear choice called for by *Wilson.* The words "injury to the person" plainly appear in the language of that statute. However, a series of cases examined the history of section 13–202's reference to personal injuries and concluded that it referred only to personal injuries of a physical nature. *See Johnson v. Arnos,* 624 F.Supp. 1067, 1071–72 (N.D.Ill.1985); *Shorters v. City of Chicago,* 617 F.Supp. 661, 665–66 (N.D.Ill. 1985). Because section 1983 actions are not limited to instances when the plaintiff suffers a physical injury,[8] the courts rea-

---

8. "At the heart of the action is injury to an intangible, the citizen's federal right." *Johnson v. Arnos,* 624 F.Supp. 1067, 1072 (1985).

soned that section 13–202 was too restrictive to encompass the wide range of section 1983 personal injuries. *See Johnson*, 624 F.Supp. at 1073; *Shorters*, 617 F.Supp. at 665. Only section 13–205's language, "all civil actions not otherwise provided for," was broad enough to encompass all section 1983 actions brought in Illinois. *Johnson*, 624 F.Supp. at 1073; *Shorters*, 617 F.Supp. at 666.

In a separate series of cases, the Seventh Circuit's response to *Wilson* was different; in several decisions, the court referred to section 13–202 as the state statute of limitations for personal injury claims, and necessarily section 1983 claims, brought in Illinois. *See Knox v. Cook County Sheriff's Police Dept.*, 866 F.2d 905, 907 (1988); *Anton v. Lehpamer*, 787 F.2d 1141, 1142 (7th Cir.1986). However, in neither case was selection of the most appropriate statute of limitations at issue.[9] Subsequently, the Supreme Court held in *Owens v. Okure*, 488 U.S. 235, 249–50, 109 S.Ct. 573, 581–82, 102 L.Ed.2d 594 (1989), that in a state with multiple statutes of limitations applicable to personal injury claims, the general, or residual, statute should be applied in section 1983 claims.

Reasoning that the *Knox/Anton* line of cases did not examine the question of the appropriate personal injury statute but rather merely assumed that the two-year statute applied and concluding that therefore the issue remained unresolved by the Seventh Circuit, one district court selected section 13–205 as Illinois' residual statute of limitations for personal injury actions. *Doe v. Calumet City, Ill.*, 707 F.Supp. 343, 345 (N.D.Ill.1989). The *Doe* court relied on the *Shorters* reasoning that section 13–202's "injury to the person" language re-

ferred only to personal injuries of a physical nature and observed additionally that *Owens*'s mandate to choose the general or residual statute required adoption of the much broader statute, section 13–205. Although Kness relies heavily on *Doe*, that decision, with its incorporation of *Shorters*, did not last long. In *Kalimara v. Ill. Dep't of Corrections*, 879 F.2d 276 (7th Cir.1989) (per curiam), the Seventh Circuit resolved all doubts in holding that the applicable statute of limitations for section 1983 claims brought in Illinois is two years. *Id.* at 277. In reaching this conclusion, the court expressly disapproved of *Shorters* and held that section 13–202 is the general personal injury statute called for by *Wilson* and *Owens*. 879 F.2d at 277. The court rejected section 13–205 as a "catchall" statute that did not even refer to personal injury actions. *Id.* From this history, it is clear that section 1983 claims brought in Illinois are subject to 13–202's two-year statute of limitations. Kness's claim is therefore time-barred.

■ *Wilson* and its progeny considered the selection of the state's most appropriate statute of limitations for section 1983 claims only. Kness has brought claims pursuant to both section 1983 and 1985.[10] His complaint will be dismissed in its entirety, then, if *Wilson*'s characterization of section 1983 claims as personal injury actions also controls section 1985 claims. Although the Seventh Circuit's *Beard* decision did not distinguish among the various sections of the Civil Rights Act, 42 U.S.C. § 1981 *et seq.* in holding that all claims under the Civil Rights Act are governed by a single statute of limitations, the statute chosen in that case was the section 13–205, which has now been explicitly rejected by

---

9. In *Knox*, the issue was whether a pro se claimant, whose request for appointed counsel had been denied, should have been held to his erroneous concession that his claim was time-barred. 866 F.2d at 908. Similarly, in *Anton*, "[t]he sole issue on appeal is whether *Wilson* should apply retroactively when a federal court in Illinois borrows the state's statute of limitations in a section 1983 action." 787 F.2d at 1142.

10. The more familiar § 1983 provides a civil action for the "deprivation of any rights, privileges, or immunities secured by the Constitution and laws" by any person "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983 (1988). Section 1985, by contrast, permits an action for the recovery of damages occasioned by a conspiracy to interfere with the civil rights of any person. 42 U.S.C. § 1985 (1988).

the Seventh Circuit with respect to section 1983 claims in Illinois. The issue has not been squarely faced by either the Supreme Court or the Seventh Circuit since *Wilson.*

Prior to *Wilson,* the practice in Illinois was to treat all civil rights actions similarly for statute of limitations purposes. *Beard,* 563 F.2d at 338. *See also Baker v. F & F Investment,* 420 F.2d 1191, 1198 (7th Cir.), *cert. denied,* 400 U.S. 821, 91 S.Ct. 40, 27 L.Ed.2d 49 (1970) (section 1982 action controlled by same statute of limitations as sections 1983 and 1985). The *Beard* court treated all civil rights actions similarly not only because of their common core but also because of their fundamental difference from common law torts. *See Beard,* 563 F.2d at 336. *Wilson's* pronouncement that section 1983 actions shall be characterized as personal injury claims, however, severely undermines this reasoning and forces us to reexamine the question of whether all civil rights statutes should be governed by the same statute of limitations.

While *Wilson* disavows the *Beard* approach of segregating civil rights actions from common law torts, it also focuses on characteristics shared by all civil rights actions, which would justify their similar treatment for statute of limitations purposes. In characterizing section 1983 actions as personal injury claims, the Court stated:

> The unifying theme of the Civil Rights Act of 1871 is reflected in the language of the Fourteenth Amendment that unequivocally recognizes the equal status of every *"person"* subject to the jurisdiction of any of the several States. The Constitution's command is that all *"persons"* shall be accorded the full privileges of citizenship; no *person* shall be deprived of life, liberty, or property without due process of law or be denied the equal protection of the laws. A violation of that command is an injury to the individual rights of the person.

471 U.S. at 277, 105 S.Ct. at 1947–48 (emphases in original) (footnote omitted). In holding that section 1985(3)[11] claims are subject to the same limitations period as section 1983 claims, the Third Circuit noted that under both statutes, the same personal interests are at stake. *Bougher v. Univ. of Pittsburgh,* 882 F.2d 74, 79 (1989). Both statutes seek to remedy the wrongful deprivation of rights, privileges, and immunities, which sound in tort. *Id.* We find the *Bougher* authority persuasive, especially because the same interests that influenced the Court in *Wilson* to characterize section 1983 actions as personal injury claims are also at stake in a section 1985 action. We therefore hold that section 13–202's two-year limitations period is also applicable to section 1985 claims brought in Illinois. Kness's section 1985 claim, accordingly, is also time-barred.

### CONCLUSION

For the foregoing reasons, the motions to dismiss are granted, and Kness's claim is dismissed as to all defendants.

---

11. The *Bougher* case speaks specifically to the statute of limitations applicable to the third prong of § 1985, which addresses conspiracies to deprive persons of their rights and privileges. Although Kness's complaint is not explicit, it may also allege a violation of § 1985(2), which provides a cause of action, *inter alia,* for conspiracies to intimidate parties, witnesses, or jurors in any court in the United States. The reasoning of *Bougher* and *Wilson,* however, extend to this context as well.