Candace HARSHAW et al., Plaintiffs,

v.

PAN AMERICAN WORLD AIRWAYS, INC., Defendant.

Civ. A. No. 1880–73.

United States District Court, District of Columbia.

Nov. 6, 1975.

David R. Cashdan, Berlin, Roisman & Kessler, Washington, D. C., for plaintiffs.

John J. Ross, Peter W. Tredick, Hogan & Hartson, Washington, D. C., for defendant.

## MEMORANDUM AND ORDER

SIRICA, District Judge.

The question presented by the parties at this time is whether the plaintiffs can amend their complaint. For the reasons given below, this Court holds that they can.

This is a Title VII action brought against Pan American World Airways, Inc. (hereinafter Pan Am) by three black women employees. In their original complaint to the Equal Employment Opportunity Commission, two of the women, Ms. Harshaw and Ms. Wesley, made specific allegations of both racial and sexual discrimination. Although the third woman, Ms. Ogilvey, made specific allegations only of racial discrimination in her original complaint to that agency, the EEOC has made clear to this Court that it considered the question of sexual discrimination in her case as well.

When 180 days had passed without action on their claims, the EEOC issued to plaintiffs a notice of right to sue in federal court. The plaintiffs then had 90 days to decide whether to bring an action in federal court or to wait for disposition by the EEOC. They chose to bring an action in federal court. But when they did, they only alleged that they had been discriminated against racially. In addition, the class of persons they sought to represent consisted only of those discriminated against racially.

About six months after filing suit in this Court, and thus beyond the 90 days plaintiffs had for bringing suit here, the plaintiffs sought to amend their complaint to include the sexual discrimination charge, and to expand the class they want to represent to include women. Pan Am objected to this, claiming that the 90-day limit disallowed amendment. Plaintiffs argued in response that the amendment would "relate back" under Rule 15(c) of the Federal Rules of Civil Procedure, and would thus be considered as having been made within the 90-day period. Pan Am denied that Rule 15(c) was relevant. That rule, it claimed, only relieves a plaintiff of the burden of facing a statute of limitations defense; the 90-day limit is not a statute of limitations but rather is "jurisdictional." The defendant also argued that even if the 90-day limit were a statute of limitations, Rule 15(c) still would not apply, since the claim sought to be added arose out of a different set of facts.

The matter was referred to the magistrate for recommended decision. Subsequently, in a comprehensive and well-considered opinion, he recommended denying the motion to amend the complaint as to the individual plaintiffs. This made deciding the question of expanding the class unnecessary. Not because of anything illogical in the magistrate's decision, but because this Court takes a view of the issue different from that presented to him by either party, the Court disagrees.

42 U.S.C. § 2000e–5(f)(1) provides that a private person who has brought a claim of discrimination to the EEOC has two opportunities to take his case to a federal court:

(1) he may do so within 90 days from the date on which the Commission has given him a notice of right to sue; the Commission must give this notice if it has failed to act on the case within 180 days of the date on which the complaint was filed with it;

(2) he may do so within 90 days of dismissal of the complaint by the Commission.

Whether intentionally or inadvertently, plaintiffs when they filed their origi-

nal complaint in this Court took both options: for the racial discrimination charge they took the first; for the sexual discrimination charge they took the second. The precise issue, then, is whether the 90-day limit binds them to this choice.

In this Court's view, nothing very helpful will come from deciding whether the 90-day limit is "jurisdictional." See 9 J. Moore, *Federal Practice* ¶ 204.02[2] (2d ed. 1973). Rather, it is necessary to discover the purpose of the limitation and to determine whether that purpose is served by denying amendment in this case.

The reason the 90-day limit was attached to the 180-day option in 42 U.S.C. § 2000e–5(f)(1) is not at all clear. This provision governs employees in private industry. A related provision, 42 U.S.C. § 2000e–16(c), which sets the conditions under which an employee of the federal government may seek redress in federal court for discriminatory employment practices, does not have such a limitation. Under that provision, a federal government employee need not make the choice; he may file a civil action in federal court at any time from 180 days after he has made his initial complaint to an agency's Equal Employment Officer or to the Civil Service Commission until 30 days after the agency or the Commission has taken final action. Likely, its intended function arose from Congress's original presumption that the EEOC would be able to dispose of the complaints it received in a relatively short period of time. In order to avoid wasteful redundancy and to provide the complainant with the quickest avenue of decision possible, Congress most probably intended that cases which the EEOC had been working on for 270 days remain with the agency.

Unfortunately, reality has mocked the vision. In fiscal 1974, for instance, the EEOC had a backlog of 97,761 charges. Statement of EEOC Chairman Powell before the House Subcommittee on Equal Opportunities, BNA Daily Labor Report, 181 D–3 (Sept. 17, 1974). Complainants, then, can expect to wait considerably more than 270 days for a decision. Indeed, in this case it appears that the EEOC has not proceeded at all on the question of sexual discrimination since this case was filed in October of 1973.

If the 90-day limit is a bar to plaintiffs' amendment of their complaint, then the only clear alternative this Court would have, in order to avoid the *res judicata* effect which a judgment in this case would have on the sexual discrimination claim, would be to stay proceedings until the plaintiffs had received a final decision from the EEOC. Given the EEOC's backlog and the fact that it apparently has stopped work on this case altogether, this is likely to take some time. In addition, it appears that an investigation of the sexual discrimination charge would cover much the same ground as the charge of racial discrimination. The purpose of the 90-day limit, then, far from barring amendment in this case, appears to mandate allowing it.

This Court, therefore, holds that the 90-day limit does not prevent these plaintiffs from amending their complaint; their motion to amend to include the sexual discrimination charge and to expand the class they seek to represent is granted. This should not be taken to imply in any way, however, that the Court will in fact allow the plaintiffs to represent the expanded class or any class.

IT IS SO ORDERED.