**Georgene PASKULY, Plaintiff-Appellee,**

v.

**MARSHALL FIELD & COMPANY,**
**Defendant-Appellant.**

**No. 80–2207.**

United States Court of Appeals,
Seventh Circuit.

Argued Jan. 9, 1981.

Decided April 28, 1981.

Nina G. Stillman, Chicago, Ill., for defendant-appellant.

Judson H. Miner, Davis, Miner & Barnhill, Chicago, Ill., for plaintiff-appellee.

Before PELL and WOOD, Circuit Judges, and BONSAL, Senior District Judge.[*]

PER CURIAM.

Plaintiff Georgene Paskuly instituted this action on June 23, 1978 in the United States District Court for the Northern District of Illinois, Eastern Division. The complaint alleged that her employer, defendant Mar-

---

[*] Senior District Judge Dudley B. Bonsal of the Southern District of New York is sitting by designation.

shall Field & Company, had discriminated against her because of her sex. On October 25, 1979 plaintiff filed an amended complaint seeking to transform her action into a class action on behalf of all similarly situated female employees of the defendant. Defendant moved to strike plaintiff's class allegations on the ground that the plaintiff failed to assert them within 90 days of her receipt of her right-to-sue letter from the Equal Employment Opportunity Commission ("EEOC"). The district court denied defendant's motion, and it appeals.

We affirm.

In her amended complaint, plaintiff alleges that the claims of the class arose from the same employment practices from which her individual claim arose. The amended pleading therefore "relates back" to the date of the original pleading under Rule 15(c) of the Federal Rules of Civil Procedure, which preserves the amended complaint from operation of the 90-day limitations period of Title VII, 42 U.S.C. § 2000e–5(f). *Bernstein v. National Liberty International Corp.*, 407 F.Supp. 709 (E.D.Pa. 1977); *see also Badillo v. Central Steel & Wire Co.*, 495 F.Supp. 299 (N.D.Ill.1980); *Harshaw v. Pan American World Airlines*, 70 F.R.D. 462 (D.D.C.1975); *Silverman v. Lehigh University*, 19 FEP Cases 983 (E.D. Pa.1976). We note that the original complaint alleged that defendant engaged in practices that discriminated against women because of their sex; the defendant was thereby on notice that it might be required to defend its employment practices from charges of class-based discrimination. *See Staren v. American National Bank & Trust Company of Chicago*, 529 F.2d 1257 (7th Cir. 1976); *Unilever (Raw Materials) Ltd. v. M/T Stolt Boel*, 77 F.R.D. 384 (S.D.N.Y. 1977). In view of this notice, we believe that the district court's finding that the defendant was not prejudiced by plaintiff's amendment was not clearly erroneous.

Moreover, the filing of the EEOC charge also placed defendant on notice of the likelihood of a class-wide action later being maintained against it. In view of the broad-based nature of the original com-

plaint, we therefore cannot agree with the district court that defendant was " 'put off' notice" of the possibility of a class action when plaintiff instituted this action in an individual capacity. *See Romasanta v. United Airlines, Inc.*, 537 F.2d 915, 918 n.6, aff'd sub nom. *United Airlines, Inc. v. McDonald*, 432 U.S. 385, 97 S.Ct. 2464, 52 L.Ed.2d 423 (1977).

We note that the district court has not passed on plaintiff's request for class certification, pursuant to Fed.R.Civ.P. 23.

The judgment of the district court is affirmed.