**Mildred W. WILSON, Plaintiff,**

v.

**COMMUNICATIONS WORKERS OF AMERICA, Defendant.**

**Civ. A. 88–2137 SSH.**

United States District Court, District of Columbia.

July 17, 1991.

Gwendolyn C. Daniels, Washington, D.C., for plaintiff.

Patricia M. Shea, Communications Workers of America, Washington, D.C., for defendant.

## MEMORANDUM ORDER

STANLEY S. HARRIS, District Judge.

This matter is before the Court on the motion of defendant Communications Workers of America (CWA) for summary judgment. On consideration of the entire record, the Court grants the motion.

This is an action alleging discrimination in violation of the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621 *et seq.*, Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5 *et seq.*, and the Civil Rights Act of 1966, 42 U.S.C. § 1981. Plaintiff also asserts a pendent state law claim for intentional infliction of emotional distress.

Plaintiff, Mildred W. Wilson, is a black woman. At the time of the events underlying this lawsuit, Wilson was 41 years of age and held the position of General Office Clerk IV at CWA. Wilson had begun working at CWA in 1968 as a Keypunch Operator I. In 1986, CWA decided to create a new supervisory position in its Personnel and Benefits Office. CWA determined that members of its headquarters confidential clerical staff had the requisite skills and experience to fill the new position.[1] CWA therefore solicited applications for the position from its confidential clerical staff. CWA did not announce the creation of the supervisory position to the general office clerk group in which Wilson was employed.

The Secretary–Treasurer of CWA, James B. Booe, received eight applications from members of the confidential clerical staff. Booe determined that two candidates, Brenda Stuart and Mary Beth Ziegler, were best qualified for the position. Stuart, a 39–year-old white woman, had been a Personal and Confidential Secretary in CWA's Personnel and Benefits Office for nine years and had been Executive Secretary to the Secretary–Treasurer for four years. Ziegler, a 38–year-old white woman, had been a Personal and Confidential Secretary in the President's Office for nine years. On July 10, 1986, Booe selected Stuart to fill the position. On the same day, Booe decided to create a supervisor position in CWA's Membership Dues Department. That position would involve skills and duties similar to those related to the position in the Personnel and Benefits Office. Based on her application for the first supervisory position, Booe offered the second promotion to Ziegler, who accepted the position. On July 14, 1986, Booe issued a

---

**1.** CWA determined that the supervisory position would require communications skills, discretion in handling confidential matters, independent judgment, and a detailed knowledge of CWA's structure and workings. *See* Booe affidavit, defendant's ex. 1.

memorandum to the entire headquarters staff announcing Stuart's and Ziegler's promotions.

Wilson filed a charge of race discrimination with the Equal Employment Opportunity Commission (EEOC) on February 19, 1987. Wilson premised her charge on CWA's failure to promote her to the supervisory position in the Membership Dues Department. On May 18, 1987, Wilson amended her EEOC charge to add a charge of age discrimination. On July 29, 1988, the EEOC issued a determination finding no probable cause to believe that CWA had discriminated against Wilson on the basis of age or race. Wilson filed this action on August 1, 1988.

■■■ Plaintiff's age discrimination claim is barred by the ADEA's statute of limitations for filing a claim with the EEOC. *See* 29 U.S.C. §§ 626(d), 633(b).[2] Under the ADEA, a plaintiff in a state that has a statute prohibiting age discrimination in employment must file a claim with the EEOC within 300 days of the accrual of the claim. 29 U.S.C. § 626(d).[3] The time period for filing with the EEOC begins to run when the plaintiff knew, or should have known, of the employer's alleged discrimination. *Lafferty v. Coopers & Lybrand*, 841 F.2d 1126 (6th Cir.1988); *McConnell v. General Telephone Co.*, 814 F.2d 1311 (9th Cir.1987), *cert. den.*, 484 U.S. 1059, 108 S.Ct. 1013, 98 L.Ed.2d 978 (1988). Booe's

memorandum announcing Ziegler's promotion to supervisor in the Membership Dues Department triggered the time period for Wilson to file an EEOC charge. Wilson attempted to add the age discrimination claim to her EEOC charge 308 days after the date of Booe's memorandum. The amendment, therefore, was untimely, unless it related back to the filing of Wilson's original EEOC charge. Under EEOC regulations, an amendment relates back to the original charge if it asserts discriminatory acts "related to or growing out of the subject matter of the original charge." 29 C.F.R. § 1601.12 (1986). Wilson's amendment added a new substantive theory which is fundamentally distinct from the original race discrimination charge. Therefore, the amendment did not relate to, or grow out of, Wilson's original EEOC charge, and her ADEA claim is barred. *Pejic v. Hughes Helicopters, Inc.*, 840 F.2d 667 (9th Cir.1988); *but see Sanchez v. Standard Brands, Inc.*, 431 F.2d 455 (5th Cir.1970) (amendment adding claim of national origin discrimination related to original claim of sex discrimination).

■■■ Summary judgment is also appropriate because plaintiff has failed to produce evidence to support a *prima facie* case of age or race discrimination. On a motion for summary judgment, the non-moving party must come forward with evidence "sufficient to establish the existence of an element essential to that party's case, and

**2.** Defendant also argues that plaintiff's claims under the ADEA and Title VII are procedurally flawed because plaintiff failed to file a charge with the District of Columbia Office of Human Rights as required by 29 U.S.C. § 633(b). *Oscar Mayer & Co. v. Evans*, 441 U.S. 750, 99 S.Ct. 2066, 60 L.Ed.2d 609 (1979). Plaintiff contends that she satisfied the filing requirement by filing with the EEOC, which has a workshare agreement with the Office of Human Rights. By virtue of the workshare agreement, plaintiff contends, she "is deemed" to have filed with the District of Columbia as of her filing with the EEOC. In fact, the EEOC generally refers claims in the District of Columbia to the Office of Human Rights, thereby satisfying the state filing requirement. It is unclear whether the EEOC referred plaintiff's charge in this case, because the EEOC has misplaced its file on plaintiff's claim. Because the Court grants defendant's motion for summary judgment on other grounds, it is unnecessary to determine the

sufficiency of plaintiff's filing in the absence of more concrete evidence regarding referral of the charge.

**3.** The District of Columbia has a statute prohibiting age and race discrimination in employment, D.C.Code § 1–2512 (1981). Therefore, it is a "deferral state" for both the ADEA and Title VII. In a deferral state, a plaintiff must resort to state proceedings before filing a claim in federal court. *See Oscar Mayer & Co. v. Evans*, 441 U.S. 750, 99 S.Ct. 2066, 60 L.Ed.2d 609 (1979) (ADEA); *Love v. Pullman Co.*, 404 U.S. 522, 92 S.Ct. 616, 30 L.Ed.2d 679 (1972) (Title VII). A plaintiff in a deferral state must also file an ADEA claim with the EEOC "within 300 days after the alleged unlawful practice occurred, or within 30 days after receipt by the individual of notice of termination of proceedings under state law, whichever is earlier." 29 U.S.C. § 626(d).

on which that party will bear the burden of proof." *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *see* Fed.R.Civ.Pro. 56(c). Plaintiff bears the initial burden of establishing a *prima facie* case of discrimination under both Title VII, *Texas Dept. of Community Affairs v. Burdine*, 450 U.S. 248, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981), and the ADEA, *Cuddy v. Carmen*, 762 F.2d 119, 122 (D.C. Cir.), *cert. den.*, 474 U.S. 1034, 106 S.Ct. 597, 88 L.Ed.2d 576 (1985).[4]

■ To establish a *prima facie* case of discrimination in a promotion claim, a plaintiff must show: (1) he is a member of a protected group, (2) he was qualified for the promotion, (3) he applied and was considered for the promotion, and (4) the person actually promoted was not a member of the protected group. *Bundy v. Jackson*, 641 F.2d 934, 951 (D.C.Cir.1981). Plaintiff alleges that she was not informed of the new supervisory position, although younger, white employees with similar skills and experience were afforded the opportunity to apply for the promotion. Given that aspect of plaintiff's claim, she will not be required to prove that she applied and was considered for the promotion to supervisor in the Membership Dues Department. Instead, plaintiff must show that she was not invited to apply for the promotion and that her qualifications were similar to the non-protected group employees who were permitted to apply.

Plaintiff has produced no evidence that, as a General Office Clerk IV, she possessed the same skills and experience as the confidential clerical employees who were invited to apply for the supervisor position in the Personnel Benefits Office. Plaintiff offers only her own affidavit stating in a conclu-sory manner that she performed many of the duties assigned to the new supervisor in the Membership Dues Department. That assertion does not create a genuine issue of material fact sufficient to withstand a motion for summary judgment.

Wilson's affidavit states that Anne Brack, a white non-confidential clerical staff member, told plaintiff that Booe offered her the supervisory position in the Membership Dues Department. Plaintiff did not submit an affidavit from Brack or provide other evidence confirming the allegation that Brack was offered the position. CWA submitted Booe's memorandum inviting confidential clerical staff members to apply for the supervisor position in the Personnel and Benefits Office. CWA also submitted the written responses of the eight applicants, which confirm that only confidential clerical staff were invited to apply for the first promotion. Booe's affidavit states that he offered the Membership Dues Division supervisory position directly to Ziegler based on the selection process for the first promotion. Wilson's secondhand assertion that Brack was offered the promotion is not sufficient to raise a genuine issue of material fact on that point. Furthermore, CWA submitted evidence that Brack was already a Supervisor III at the time Booe allegedly offered her the supervisory position. Thus, plaintiff's allegation does not support her claim that a non-protected group employee with similar qualifications was considered for the promotion.

■ Even if plaintiff had discharged her burden of producing a *prima facie* case of discrimination, summary judgment would be appropriate based on CWA's evidence of legitimate, nondiscriminatory reasons for

---

**4.** The Supreme Court has established a series of shifting evidentiary burdens for claims of disparate treatment under Title VII:

First, the Plaintiff has the burden of proving by the preponderance of the evidence a *prima facie* case of discrimination. Second, if the Plaintiff succeeds in proving the *prima facie* case, the burden shifts to the defendant "to articulate some legitimate, nondiscriminatory reason for the employee's rejection." Third, should the defendant carry this burden, the Plaintiff must then have an opportunity to prove by a preponderance of the evidence that the legitimate reasons offered by the defendant were not its true reasons, but were a pretext for discrimination.

*Texas Dept. of Community Affairs v. Burdine*, 450 U.S. 248, 252–53, 101 S.Ct. 1089, 1093, 67 L.Ed.2d 207 (1981).

The same shifting burden applies to claims under the ADEA. *Cuddy v. Carmen*, 762 F.2d 119, 122 (D.C.Cir.), *cert. den.*, 474 U.S. 1034, 106 S.Ct. 597, 88 L.Ed.2d 576 (1985).

soliciting applications from confidential clerical staff members only. Secretary-Treasurer Booe's affidavit states that members of the confidential clerical staff often deal with individuals and organizations contacting CWA. The confidential clerical staff must be able to handle outside contacts quickly and discreetly and to refer questions to the correct department within CWA. Booe determined that such experience was necessary to fill the new supervisory position in the Personnel and Benefits Office. Plaintiff did not come forward with any evidence to show that Booe's stated reasons for considering only confidential clerical staff for the promotion were pretextual. Plaintiff also did not produce any evidence suggesting that CWA limited the applications to confidential clerical staff in order to eliminate members of plaintiff's race or protected age group. In fact, of the confidential clerical staff members who actually applied for the first promotion, two were black and two were members of plaintiff's age group (over 40 years of age). For these reasons, defendant is entitled to summary judgment on plaintiff's claims under the ADEA and Title VII.

■ Defendant also is entitled to summary judgment on plaintiff's claim under 42 U.S.C. § 1981. A promotion claim is actionable under § 1981 only if "the nature of the change in position was such that it involved the opportunity to enter into a new contract with the employer." *Patterson v. McLean Credit Union*, 491 U.S. 164, 109 S.Ct. 2363, 105 L.Ed.2d 132 (1989). Plaintiff admitted at her deposition that the promotion in this case would not have resulted in a new contractual relationship. Therefore, defendant is entitled to summary judgment on plaintiff's § 1981 claim.

For the reasons set forth above, the Court grants summary judgment in defendant's favor on plaintiff's claims under the ADEA, Title VII, and 42 U.S.C. § 1981. Having disposed of all plaintiff's federal claims, the Court also dismisses plaintiff's pendent state law claim for intentional infliction of emotional distress. *See Network Project v. Corporation for Public Broadcasting*, 561 F.2d 963 (D.C.Cir.1977), *cert.*

*den.*, 434 U.S. 1068, 98 S.Ct. 1247, 55 L.Ed.2d 770 (1978). Accordingly, it hereby is

ORDERED, that defendant's motion for summary judgment is granted.

SO ORDERED.