**Michael BERTHIAUME, Plaintiff**

v.

**ENTERPRISE RENT–A–CAR, Defendant.**

**Civ. A. No. 95–30154 MAP.**

United States District Court,
D. Massachusetts.

Oct. 10, 1995.

---

Frederick A. Hurst, Hurst & Hurst, Springfield, MA, for Plaintiff.

John A. Cvejanovich, O'Connell, Flaherty & Attmore, Springfield, MA, D. Michael Linihan, and Thomas E. Berry, McMahon, Berger, Hanna, for Defendant.

## MEMORANDUM AND ORDER WITH REGARD TO PLAINTIFF'S MOTION TO AMEND COMPLAINT

*(Docket No. 7)*

NEIMAN, United States Magistrate Judge.

### INTRODUCTION

Plaintiff Michael Berthiaume commenced this action against the Defendant Enterprise Rent–A–Car ("Enterprise") on July 20, 1995, within ninety days of the June 2, 1995 notice from the Equal Employment Opportunity Commission ("EEOC") that Plaintiff had the right to sue Enterprise directly. In his complaint, Plaintiff alleges that Enterprise had unlawfully retaliated against him in contravention of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq. ("Title VII") and Massachusetts General Laws ch. 151B ("The Massachusetts Act") (Counts I and II respectively). Enterprise filed its answer to Plaintiff's complaint on August 14, 1995.

On September 8, 1995, Plaintiff filed a motion to amend his complaint in order to add two additional claims for relief. In proposed Count III, Plaintiff asserts that Enterprise discriminated him on the basis of his race and seeks redress pursuant to Title VII. In proposed Count IV, Plaintiff similarly alleges race discrimination and seeks redress pursuant to the Massachusetts Act. Other than the addition of these two claims, there are no factual allegations contained in the proposed amended complaint which differ from the original complaint. Plaintiff supports his motion to amend by asserting that the original complaint "should have included, but did not include, [these] allegations of discrimination." Memorandum in Support of Plaintiff's Motion to Amend Complaint, at 1.

Enterprise opposes Plaintiff's motion. Enterprise asserts that Plaintiff has inadequately established his right for leave to amend his complaint, that the proposed amendment would be futile in that the additional counts were not filed within the ninety-day period in which suit must be commenced, that the proposed claims of discrimination are substantively different from the original claims of retaliation and that the Plaintiff cannot change his original strategic choice to litigate only his retaliation claims.

### RULE 15(a)

Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend a complaint "shall be freely given when justice so requires." The United States Supreme Court has stated that the liberal amendment policy of Rule 15(a) is a mandate to be heeded. *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962). The Supreme Court described that policy as follows:

[i]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.' Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules.

*Id.* Applying that policy to the instant case, the Court allows Plaintiff's motion to amend.

## DISCUSSION

Prior to commencing this action, Plaintiff requested and received a Notice of Right To Sue ("Notice") from the EEOC. See Memorandum in Opposition to Plaintiff's Motion to Amend Complaint (Docket No. 10), at Exhibit A. As provided in the Notice, dated June 2, 1995, Plaintiff was required, pursuant to 42 U.S.C. § 2000e–5(f)(1), to commence his Title VII claim within ninety days. There is no dispute that Plaintiff's original complaint was filed in a timely manner.

Enterprise argues, however, that the two counts which Plaintiff now seeks to add to his complaint would not be timely since the motion to amend was filed a number of days after the ninety-day period expired. Relying on *Boge v. Ringland–Johnson–Crowley Co.,* 976 F.2d 448 (8th Cir.1992), *Wilson v. Communications Workers of America,* 767 F.Supp. 304 (D.C.1991), and *Ekanem v. Health & Hospital Corp.,* 724 F.2d 563 (7th Cir.1983), *cert. denied,* 469 U.S. 821, 105 S.Ct. 93, 83 L.Ed.2d 40 (1984), Enterprise argues that the initial complaint does not provide a jurisdictional basis for the two additional counts because the claims of retaliation, which were set forth in the original complaint, are substantively different from the claims of race discrimination, as set forth in the proposed amended complaint. Enterprise further asserts that the original complaint did not provide notice that Plaintiff intended to litigate his race discrimination claims in this action and that to permit Plaintiff to amend his complaint would prejudice Enterprise. The Court is not persuaded.

The statute merely requires a claimant to bring *"a civil action ...* against the respondent named in the charge" originally filed with the EEOC within the ninety-day period. 42 U.S.C. § 2000e–5(f)(1) (emphasis added). The statute does not specify the types of counts which might be brought; it merely requires the commencement of a civil action, which Plaintiff accomplished in a timely manner. Plaintiff's status before this Court, therefore, is significantly different from the plaintiff in *Baldwin County Welcome Center v. Brown,* 466 U.S. 147, 104 S.Ct. 1723, 80 L.Ed.2d 196 (1984), who was precluded from filing an "amended complaint" after she had filed only the Right to Sue Notice with the court. The Supreme Court did not believe that Rule 15 was applicable to that situation as no civil action had commenced prior to the purported amendment to the "complaint." *Id.* 466 U.S. at 149–150 n. 3, 104 S.Ct. at 1725 n. 3. Here, Plaintiff did file an original complaint within the ninety-day period and now simply wishes to amend his complaint.

There are no procedural barriers to allowing Plaintiff to amend his complaint pursuant to Rule 15. While Plaintiff has not fully explained his failure to include these counts in his original complaint, it is obvious from the face of the amended complaint that the new counts arise from the same statutory provisions as well as the same set of facts. In addition, the motion to amend has been filed at the nascent stages of this litigation. Thus, there is no undue delay, bad faith, or dilatory motive apparent on the part of the Plaintiff. Compare *Stepanischen v. Merchants Despatch Transp. Corp.,* 722 F.2d 922, 933 (1st Cir.1983) (court acted within its discretion when denying motion to amend filed after seventeen months of discovery, after discovery deadline had been set, and days before pretrial statements were due). As the

Supreme Court noted in *Baldwin County Welcome Center,* the rationale of Rule 15 "is that a party who has been notified of litigation concerning a particular occurrence has been given all the notice that statutes of limitations were intended to provide." *Id.,* 466 U.S. at 149–150 n. 3, 104 S.Ct. at 1725 n. 3, (citing 3 J. Moore, Moore's Federal Practice, ¶ 15.15[3], p. 15–194 (1984)). The Supreme Court continued:

> Although the Federal Rules of Civil Procedure do not require a claimant to set forth an intricately detailed description of the asserted basis for relief, they do require that the pleadings "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson,* 355 U.S. 41, 47, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957).

*Id.* Here, Plaintiff's original complaint fulfilled such fair notice requirements. Enterprise's generalized claim of prejudice is insufficient to convince the Court otherwise. See also *Paskuly v. Marshall Field & Co.,* 646 F.2d 1210 (7th Cir.), *cert. denied,* 454 U.S. 863, 102 S.Ct. 321, 70 L.Ed.2d 162 (1981); and *Sessions v. Rusk State Hospital,* 648 F.2d 1066 (5th Cir.1981).

In addition, the present matter does not concern an attempt to extend the statutory ninety-day time limit to take into account a three-day mailing period, see *Peete v. American Standard Graphic,* 885 F.2d 331 (6th Cir.1989), or a motion to amend which is unduly late, see *Grant v. News Group,* 55 F.3d 1 (1st Cir.1995) and *Isaac v. Harvard University,* 769 F.2d 817 (1st Cir.1985). Nor does it involve an attempt to add a new party after the ninety-day period expired. See *Soto v. United States Postal Service,* 905 F.2d 537 (1st Cir.1990), *cert. denied,* 498 U.S. 1027, 111 S.Ct. 679, 112 L.Ed.2d 671 (1991), and *Washington v. McComb Motel Co.,* 759 F.Supp. 329 (S.D.Miss.1990). Rather, Plaintiff timely initiated a civil action raising claims under both Title VII and the Massachusetts Act which he now wants to clarify by adding two counts under those same statutes.

Finally, as provided in Rule 15(c)(2), Plaintiff's amended complaint relates back to the original complaint in that the amended claim "arose out of the same conduct, transaction, or occurrence" as the original claim. There is no question here that there is "a factual nexus between the amendment and the original complaint." *Grattan v. Burnett,* 710 F.2d 160, 163 (4th Cir.1983), *aff'd* 468 U.S. 42, 104 S.Ct. 2924, 82 L.Ed.2d 36 (1984). At this stage of the proceedings, therefore, there is no indication that the amendment would "be futile" or "serve no legitimate purpose." See *Correa–Martinez v. Arrillaga–Belendez,* 903 F.2d 49, 59 (1st Cir.1990).

### CONCLUSION

For all of the reasons stated, the Court ALLOWS Plaintiff's motion to amend.

IT IS SO ORDERED.